## A. ORIEG *vs.* EDGAR L. TURNER.

Suffolk. January 13, 1919. — February 26, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Replevin. Sale,* Conditional. *Lis Pendens.*

In an action of replevin for certain machines that had been delivered by the plaintiff to the defendant under a contract of conditional sale, it appeared that the price of the machines was $115, of which $45 was paid by the defendant on the execution of the contract, and that the defendant gave notes for the balance which he failed to pay, that by the terms of the contract the title to the machines remained in the plaintiff who had a right to retake them on the defendant's failure to pay the notes. The defendant set up by plea in abatement the defence that he had brought a suit in equity, then pending, against the plaintiff to enjoin him from enforcing the contract of conditional sale on the alleged ground that the plaintiff

had broken his agreement to put the machines in good workable condition and that, in order to deprive the defendant of a remedy against him, the plaintiff had transferred the notes and the contract of conditional sale to a certain trust company. *Held,* that the alleged defence was bad, among other reasons, because the fact that the plaintiff brought the action of replevin showed that he had not transferred his rights to a trust company.

REPLEVIN by the seller of certain machines and motors under a contract in writing of conditional sale and under a provision in that contract giving him the right to retake the property upon default of the buyer, the defendant. Writ in the Municipal Court of the City of Boston dated February 25, 1918.

The defendant filed the following plea in abatement: "And now comes the defendant in the above entitled cause and says that he ought not to be compelled to answer the plaintiff's writ, for that there is now pending in the Superior Court for Suffolk County a bill in equity, brought by the defendant in this case against the plaintiff in this case. Said bill in equity having been filed on the third day of November, 1917, wherein the title to the property described in the plaintiff's writ is brought in question. Wherefore this defendant prays that the plaintiff's writ may be abated and that he may be allowed his costs."

The defendant also filed an answer not waiving his plea in abatement and containing a general denial.

In the Municipal Court the case was heard upon the plea in abatement. A copy of the bill in equity referred to was introduced in evidence, the substance of which is described in the opinion. The defendant asked the judge to rule that as a matter of law "the plaintiff cannot maintain his action until after the bill in equity between the same parties, concerning the same property, has been disposed of." The judge refused to make this ruling and overruled the defendant's plea in abatement. At the request of the defendant he reported his order to the Appellate Division.

The Appellate Division made an order that the report be dismissed; and the defendant appealed.

*D. B. Beard,* for the defendant.

*H. A. Eyges,* for the plaintiff.

LORING, J. By a written contract dated October 4, 1917, Turner hired of Orieg two sewing machines, two electric motors and three power benches and agreed to pay as rent therefor the

sum of $115. It was provided in the contract that on payment of the $115 title to the property leased should pass to Turner. Of the $115 in question $45 was paid on the execution of the contract. For the balance two notes were given payable on the fourth days of November and December of the same year. The contract provided that in case of failure to pay the notes Orieg might repossess himself of the articles covered by the contract. On February 25, 1918, both notes being unpaid, Orieg sued out of the Municipal Court of the City of Boston the writ of replevin now in question. Turner set up by way of plea that he had brought a bill in the Superior Court in which he alleged that Orieg had agreed to put the sewing machines in "good workable condition" and to set up the motors in his (Turner's) place of business and that he had failed to do so. He further alleged that Orieg in order "to prevent your petitioner recovering just damages from him has, without consideration, assigned, or transferred said notes and lease" to the Beacon Trust Company which was made a party defendant to Turner's bill in equity in the Superior Court. Turner further alleged in his plea that this bill in equity was still pending.

At the trial of the writ of replevin, Turner asked "the court to rule that as a matter of law 'the plaintiff cannot maintain his action until after the bill in equity between the same parties, concerning the same property, has been disposed of.'" The judge refused to make this ruling, overruled Turner's plea, and at Turner's request reported the case to the Appellate Division. The Appellate Division ordered that the report be dismissed and the case is before us on an appeal from that order.

The defence set up by this appeal is bad for more reasons than one. Without going further it is enough to say that the only equity for Turner's bill in equity rested on the allegation that Orieg had transferred the notes to the Beacon Trust Company to prevent him (Turner) from insisting upon rights which were open to him in an action to which Orieg and he were parties. But the writ of replevin was brought by Orieg himself and not by the Beacon Trust Company. That of itself shows that the fact on which alone Turner had a right to go into equity did not exist. It is not necessary to enumerate the other obstacles in the way of making out the defence set up in the plea. We have examined

all the cases cited by Turner and find nothing in them requiring notice.

The entry of the Appellate Division dismissing the report must be affirmed; and it is

*So ordered.*